IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

        Petitioner,

v.                                                      Civil Action No. 1:11cv73
                                                            (Judge Keeley)

**KUMA J. DEBOO, Warden,**
**LT. HUMPHRIES, SHU Lieutenant,**
**OFFICER RIDGEWAY, SHU #1 Officer,**
**UNKNOWN OFFICERS OF THE FEDERAL BUREAU OF PRISONS,**

        Respondents

## REPORT AND RECOMMENDATION

On May 10, 2011, the *pro se* petitioner filed this Petition for Writ of Mandamus[1] together with a Motion/Application to Proceed *in forma pauperis* and a Consent to Collection of Fees. On May 11, 2011, the Clerk of the Court issued a Notice of Deficient Pleading which advised the petitioner that he had twenty-one days in which to provide the complete names of all the defendants, or as much of the names as is known, and a complete address for each. In addition, the Notice advised the petitioner that he must submit a Prisoner Trust Account Report and ledger sheets. On May 31, 2011, the petitioner filed a Motion to Stay advising the Court that he was in transit to USP Coleman II and is currently in the Federal Detention Center in Miami, Florida. The petitioner further advised the court that "all legal property has been taken from me." The petitioner maintains

---

[1] The petitioner submitted a form complaint which he labeled "An Action to Compel An Officer of the United States to Perform his Duty 28 U.S.C. §1361.

that until it is returned at Coleman II, he is unable to properly litigate his cases.[2] Accordingly, the petitioner asks that he be granted a stay in these proceedings[3] until his property is returned, or in the alternative, that this matter be dismissed without prejudice until he arrives at USP Coleman II.

In his petition, petitioner alleges that on December 1, 2010, he was placed in the Special Housing Unit ("SHU") at FCI Gilmer for an alleged violation of institution policy. The petitioner further alleges that he has been denied meaningful access to the SHU inmate law library. Moreover, the petitioner maintains that this denial is a deliberate attempt to prevent him from properly proceeding against the named defendants in Civil Action No. 2:09-cv-107 pending in this Court. The petitioner alleges that he is allowed 40 minutes law library access every fourteen (14) days on average, and longer delays often are caused by his name mysteriously being deleted from the computer list of inmates in the SHU seeking use of the law library. The petitioner maintains that these acts and/or omissions are deliberate in nature and are accompanied by clear and expressed racist undertones. For relief, the petitioner seeks an order that the defendants: (1) provide him with adequate and meaningful access to the SHU law library; (2) provide him with uninfringed [sic] access to the institutions Administrative Remedy Grievance process; and (3) halt their acts of race discrimination against African Americans inmates in the SHU.

---

[2]The petitioner has two other cases pending in this Court: 3:07-cv-62, for which he has been appointed counsel and 2:09-cv-107, which was recently remanded by the Fourth Circuit Court of Appeals. In addition, it appears that the petitioner has cases pending in both the Middle and Eastern District of North Carolina.

[3]With respect the instant proceedings, as noted in the body of the Report and Recommendation, the matter is pending on a Notice of Deficient Pleading, The undersigned is of the opinion that "legal papers" are unnecessary to comply with that Notice, and the Court could simply send him another blank Prisoner Trust Account Report which must be filled in by a BOP official. While that is clearly an option, because the petitioner's case is now mooted by his transfer, it would seem best to simply dismiss the case and not subject the petitioner to possible collection of the $350.00 filing fee.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, the petitioner's right to relief is not clear and indisputable. The petitioner is no longer housed at FCI Gilmer, and this Court lacks jurisdiction over BOP officials in Florida.

However, even if the petitioner had remained at FCI Gilmer, he still would not be entitled to a Writ of Mandamus because there is clearly another means to attain the relief he desires. The petitioner's allegations obviously pertain to the conditions of his confinement. Accordingly, the petitioner has available to him a Bivens action challenging those conditions. Therefore, the petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition for Writ of Mandamus be **DENIED and DISMISSED**, the petitioner's Motion/Application to Proceed *in forma pauperis* (Doc. 2) be **DENIED AS MOOT**, and the petitioner's Motion to Stay (Doc. 8) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party

may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: June 6, 2011

                                           /s/ James E. Seibert
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE